IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FRAZIER CISCO GRACE, JB-8477, )
    Petitioner, )
     )
    v. ) 2:15-CV-175
     )
MICHAEL D. OVERMYER, et al., )
    Respondents. )

MEMORANDUM and ORDER

Mitchell, M.J.:

    Presently before the Court for disposition is the respondents' Motion to Dismiss (ECF No.14). For the reasons set forth below the motion will be granted, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

    Frazier Cisco Grace, an inmate at the State Correctional Institution – Forest has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. Grace is presently serving a 19 ½ to 39 year sentence imposed following his conviction by a jury of rape, involuntary deviate sexual intercourse, sexual assault, kidnapping, unlawful restraint and simple assault at CP-02-CR-15667-2005 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on May 14, 2007.[1]

    On October 10, 2007, Grace filed a post-conviction petition. The latter was treated as a motion for leave to appeal nunc pro tunc, leave was granted and an appeal to the Superior Court was filed.[2] The judgment of sentence was affirmed by the Superior Court on June 10, 2011 and leave to appeal was denied by the Pennsylvania Supreme Court on May 16, 2012.[3]

    On June 8, 2012, Grace filed a post-conviction petition. That petition was dismissed on August 16, 2012, and the dismissal was affirmed by the Superior Court on October 18, 2013. Leave to appeal was not sought.[4]

---

[1] See: Petition at ¶¶ 1-6 and Exhibit 43 to the motion.
[2] See: Exhibits 6 and 8 to the motion.
[3] See: Exhibits 13 and 17 to the motion.
[4] See: Exhibits 21, 26 and 1 at p.17.

1

On January 8, 2014, Grace filed another post-conviction petition. The latter was dismissed as frivolous on February 7, 2014 and again on April 15, 2014. On December 24, 2014, the Superior Court affirmed the dismissal of the post-conviction petition on grounds of untimeliness.[5]

In the instant petition executed on January 9, 2015, received in this Court on February 10, 2015 and filed on February 17, 2015, Grace contends he is entitled to relief on the following grounds:

1. I am being held under a sentence that is illegal and unconstitutional. The state never proved any element of the crimes I been charged for beyond a reasonable doubt. Amended petitioner's simple assault charge without a hearing or notice; had no jurisdiction over petitioner's crimes and actual innocence.

2. Layered ineffective/ Alan R. Patterson failed to comply to Pa.R.A.P. 2119(a). Had my rape, IDSI and sexual assault issue abandoned and waived on my first and direct appeal. Failed to raise my prosecutorial misconduct claim in his amended P.C.R.A. direct appeal. Frank Reilly failed to object at sentence to contest the accuracy of the record and we never had a hearing on these previous convictions; failed to contest my illegal/unconstitutional sentence. Alan R. Patterson failed to raise this illegal sentence in his direct appeal or amended P.C.R.A. due process rights violated federal and state, 6th, 8th, 14th amendments and Article I, Section 9.

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[5] See: Exhibits 27, 30, 37 and 43.

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An untimely post-conviction petition is not "properly filed". Pace v. DiGulglielmo, 544 U.S. 408 (2005).

In the instant case, leave to appeal to the Pennsylvania Supreme Court was denied on May 16, 2012, and certiorari was not sought. For this reason his conviction became final on August 14, 2012. Gonzalez v. Thaler, 132 S.Ct. 641 (2012). The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner sought post-conviction relief which was denied on August 16, 2012 and the denial was affirmed on October 18, 2013. On January 8, 2014, he again sought post-conviction relief which the Superior Court deemed to be an untimely application under state law a conclusion which is not subject to challenge here. Swarthout v. Cooke, 131 S.Ct. 859 (2011). Because his second post-conviction was deemed untimely, Grace had approximately until October 18, 2014 to seek relief in this Court. The instant petition was executed on January 9, 2015 and for this reason is clearly untimely under federal law unless a basis for equitable tolling exists. Holland v. Florida, 560 U.S. 631, 645 (2010). Despite being granted an opportunity to respond to the present motion, Grace has failed to demonstrate any basis for invoking equitable tolling but rather again challenges the bases for his conviction.

For this reason, the instant motion will be granted; the petition will be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

ORDER

AND NOW, this 9th day of June, 2015 for the reasons set forth in the foregoing Memorandum, the respondent's Motion to Dismiss (ECF No.14) is GRANTED; the petition of Frazier Cisco Grace for a writ of habeas corpus (ECF No.2) is DISMISSED, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is DENIED.

The parties are advised that pursuant to Rule 4(a) F.R.App.P any party desiring to file an appeal must do so within thirty (30) days of this date by mailing a notice of appeal to the Clerk, United States District Court, 700 Grant Street, Pittsburgh, PA 15219-1957.

s/ Robert C. Mitchell
United States Magistrate Judge